## Commonwealth v. Aleknavich

*Robert J. Hourigan*, Assistant District Attorney, for Commonwealth.

*Gifford Cappellini*, for defendant.

PINOLA, P. J., September 18, 1964.—Defendant seeks to quash the transcript because the justice of the peace failed to affix his official seal to it. Attached to the transcript, we find the recognizance and the information, to both of which the seal is affixed.

The Act of April 23, 1903, P. L. 290, sec. 1, 42 PS §144, does provide that "The several justices of the peace of this Commonwealth shall hereafter provide for themselves and use a seal of office, to be affixed to all affidavits, transcripts, and all other official papers".

In Commonwealth v. Stella, September sessions, 1963, no. 268, where the justice failed to state the date of expiration of his commission on the transcript although it appeared on the recognizance, we refused to quash the indictment. To be consistent, we must refuse to quash this transcript.

While there are cases holding that after a transcript has been filed, a justice of the peace may not be allowed to correct any defect, we agree with the reasoning of Judge Sheely in Commonwealth v. Bennett, 32 D. & C. 542, that, in certain instances, it may be amended by leave of court.

We hereby authorize the justice of the peace to affix his seal to the transcript, and we enter the following

ORDER

Now, September 18, 1964, the motion to quash is denied.